```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

FLORICA FERSEDY,

                Plaintiff,                      **REPORT AND**
                                                      **RECOMMENDATION**
                                                        **01 CV 6484 (ARR) (LB)**

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, PROTECTIVE SERVICES FOR
ADULTS; NEW YORK CITY POLICE
DEPARTMENT; DR. MARTHA LINK; and
ANDREA BOONE, Social Worker, SGT.
CYNTHIA SHEPPY; P.O. ROBERT McDONALD

                Defendants.
```
------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

      By letter dated May 11, 2005, defendants' counsel informs the Court that plaintiff failed to appear for her May 2, 2005 deposition as ordered by the Court. Defendants request that the Court dismiss plaintiff's complaint with prejudice. For the following reasons, it is respectfully recommended that defendants' request should be granted and plaintiff's case should be dismissed.

## BACKGROUND

      Plaintiff has repeatedly delayed the progress of this litigation. Plaintiff filed the instant action on September 27, 2001 alleging defendants violated her constitutional rights under 42 U.S.C. § 1983. After waiting for plaintiff to execute medical releases so that defendants Sheppy and McDonald could be identified and served with process, the Court scheduled the initial conference on July 25, 2002. At the initial conference, plaintiff requested and was granted permission to file an amended complaint by November 25, 2002.[1]

---

[1] Plaintiff's son, Mircea Fersedy filed a separate action in this Court arising out of the same facts as the instant case. Throughout the course of this litigation, plaintiff, who apparently speaks no English, communicated solely through her son. The Court repeatedly informed

By letter dated January 21, 2003, plaintiff's son requested a four month adjournment because he needed to care for plaintiff who he alleged could not leave their house during cold weather months due to her poor health. Plaintiff also informed the Court that an attorney was assisting her in litigating the case and that the attorney needed time to review the case to prepare the amended complaint. By endorsed Order dated January 23, 2003, the Court granted plaintiff's request and scheduled a status conference for April 7, 2003. By letter dated March 25, 2003, the attorney assisting plaintiff with her case requested an adjournment of this conference to file an amended complaint. The Court granted this extension to May 1, 2003 and adjourned the scheduled status conference to May 5, 2003. Although the attorney never filed a notice of appearance, plaintiff filed an amended complaint.[2]

By Order dated June 19, 2003, the Court, noting that plaintiff's complaint failed to meet the short and plain statement requirement of Fed. R. Civ. P. Rule 8, directed plaintiff to file a second amended complaint by July 21, 2003. By letter dated July 21, 2003, plaintiff requested an extension to file the second amended complaint which the Court granted to September 22, 2003. By undated letter received by the Court on September 19, 2003, plaintiff again requested an extension to file her second amended complaint. (Dkt. #30). By Order dated October 1, 2003, the Court granted plaintiff a final extension to file the second amended complaint to November 24, 2003. By letter dated November 24, 2003, plaintiff requested a third extension to file a second amended complaint. The Court, noting that the second extension was marked final, denied plaintiff's request on December

---

plaintiff's son that he could not represent his mother, however, to the extent that the Court discusses requests made by plaintiff, the requests were actually submitted by her son, Mircea Fersedy. By Order dated February 22, 2005, Mircea Fersedy's companion action filed under index number 01-CV-6483 was dismissed.

[2]Although the amended complaint was not docketed, it is clear that it was submitted. See June 19, 2003 Order at 2. ("Although plaintiffs filed an amended complaint ..., the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure").

2

2, 2003.

By Order dated March 24, 2004, the Court directed the parties to appear for a status conference on April 8, 2004 at which time plaintiff failed to appear. Defendants' counsel informed the Court that plaintiff had not appeared for her deposition on September 1, 2004 and requested that the Court direct plaintiff to appear for a deposition on a date certain. By undated letter received by the Court on September 10, 2004, plaintiff submitted a note from her physician stating that she had recently undergone two cataract surgeries on June 8, 2004 and August 3, 2004. Plaintiff requested that the instant case be stayed for six months so that plaintiff could recover before proceeding with her case. By Order dated September 23, 2004, the Court granted plaintiff's request and stayed the instant action until February 1, 2005. The Court directed plaintiff to inform the Court by February 1, 2005 of a date certain on which she would appear for her deposition. The Court warned plaintiff that it would not allow this case to be delayed indefinitely. Plaintiff was directed to contact the Court with a date certain for her deposition by February 1, 2005 or the Court would recommend that the case should be dismissed.

Plaintiff failed to inform the Court of a date certain for her deposition and by Order dated March 1, 2005, the Court directed plaintiff to provide a date before May 1, 2005 for her deposition. The Court made clear that this was plaintiff's final opportunity to comply with the Court's Order and that the Court would recommend that the case should be dismissed should plaintiff fail to comply. By letter dated April 1, 2005, plaintiff requested that the Court allow plaintiff to appear for her deposition by telephone on May 2, 2005. Defendants opposed this request. By Order dated April 21, 2005, the Court denied plaintiff's request to appear by telephone and directed plaintiff to appear in person for her deposition on May 2, 2005 at the Office of Corporation Counsel. As with previous Orders, the Court made clear that if plaintiff failed to appear, the Court would recommend that her complaint should be dismissed with prejudice.

By letter dated May 11, 2005, defendants' counsel informs the Court that plaintiff again failed to appear for her deposition. The Court notes that although the Court's April 21, 2005 Order did not appear on the docket until May 2, 2005, the Order was sent by Federal Express to plaintiff's address of record on April 21, 2005. Defendants' counsel states that she informed plaintiff by e-mail of the Court's Order on April 29, 2005 and that she left a detailed telephone message for plaintiff at her home confirming that the deposition was to be conducted in person in her office on April 29, 2005.[3]

## DISCUSSION

Although defendants request that the Court dismiss the instant action under 41(b), this relief is more properly afforded under Rule 37(b)(2)(C). Rule 41(b) states that "for failure of the plaintiff to prosecute or to comply with these rules or any order of the Court, a defendant may move for dismissal." Fed. R. Civ. P. Rule 41(b). The Second Circuit has established five factors to be considered in determining whether a pro se litigant's case should be dismissed for lack of prosecution under Rule 41(b) as follows: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir. 1994). Although dismissal under Rule 41(b) might also be appropriate, the instant action is more appropriately dismissed under Rule 37(b)(2)(C).

Rule 37(b)(2)(C) applies specifically in situations where parties fail to comply with discovery orders. See Fed. R. Civ. P. 37(b)(2)(C) ("...the court in which the action is pending may make such

---

[3]Defendants' counsel states that plaintiff's son had previously informed her that sending communications via electronic mail was a reliable means to contact plaintiff.

orders in regard to the failure as are just, and among others the following: ...(C) [a]n order . . . dismissing the action or proceeding or any part thereof . . . "). In particular, Rule 37 applies to a litigant's failure to appear for her deposition. See e.g. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for pro se plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37). "Rule 37 sanctions must be applied diligently both 'to penalize those who conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Id. at 763-764 (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976)); see also Daval Steel Prods v. M/V Fakredine, 951 F.2d 1357, 1364-65 (2d Cir. 1991) (explaining that Rule 37 "envisions some judicial intervention between a discovery request and the imposition of sanctions ... [which] serves to alert the offending party to the seriousness of its noncompliance ... and specifically informs the recalcitrant party concerning its obligations").

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995)). "Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin, 782 F.2d at 1132 (internal quotes omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against pro se litigants because "while

5

pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

Plaintiff failed to appear for a court-ordered conference on April 8, 2004. Plaintiff has failed to appear twice for her Court ordered deposition: once on September 1, 2004 and again on May 2, 2005. Plaintiff's repeated requests for additional time and accommodations have been granted. However, there is clearly a point in time when the Court has to say "enough." The Court has reached that point and finds that plaintiff is using her age and her health as excuses for her willful non-compliance with the Court's Orders.

Plaintiff's refusal to comply with Court Orders is not based on any misunderstanding, but on plaintiff's willfulness and bad faith. Although plaintiff is an elderly woman with health issues, this does not excuse her repeated failures to appear without notice. Plaintiff's failures to appear for her deposition without notice has prejudiced defendants: they have incurred the needless expense of a court reporter and a Romanian translator on two occasions. Furthermore, defendants' counsel has twice prepared and set aside time for plaintiff's deposition.

The Court warned plaintiff that it would recommend dismissal of this action if she failed to appear at her deposition. See Order dated April 21, 2005. Morever, plaintiff has been warned on numerous other occasions that she is obliged to comply with Court Orders and that if she did not, her case would be dismissed.

The interests of justice are not served by giving plaintiff unlimited chances to comply with Court Orders. Rather than dismissing the action upon plaintiff's failure to comply with the Court's September 23, 2004 Order, the Court allowed plaintiff a final opportunity to comply. The Court's effort to adopt a less severe measure did not bring about plaintiff's compliance. Plaintiff has been

afforded two opportunities to appear for her Court Ordered deposition. Plaintiff has flouted the Orders of the Court whose very power she invokes to vindicate her rights. There is no less drastic sanction than dismissal that would be effective in this action. The Court has weighed the relevant factors and finds that dismissal is warranted in the instant case in light of plaintiff's refusal to comply with the Court's Order and her willful disregard for the Court's authority. The Court should dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended that defendants' request should be granted and plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C). See McDonald v. Head Criminal Court Supervisor, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), aff'd 850 F.2d 121 (2d Cir. 1988) (dismissal is proper where plaintiff refuses to play by the "basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights").

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Signed /
Lois Bloom
United States Magistrate Judge

Dated: May 20, 2005
Brooklyn, New York

7

Copies to:

    Honorable Allyne R. Ross, U.S.D.C.

    Florica Fersedy
    32-49 37th Street
    Astoria, NY 11103
    Plaintiff, *Pro Se*

    Leah Bynon
    Assistant Corporation Counsel
    New York City Law Department
    100 Church Street
    New York, NY 10007
    Attorney for Defendants